UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: _____ /CIV-_____

JOHNNY TASSARA,

          Plaintiff

vs.

CHAMPLAIN TOWERS NORTH
CONDOMINIUM ASSOCIATION, INC.
a Florida Corporation, and
SALOMON GOLD ,
jointly and severally,
          Defendants.
_____

**07-21132**

**COMPLAINT** **CIV - JORDAN**

/TORRES

Plaintiff, **JOHNNY TASSARA**, (hereinafter "Plaintiff") sues Defendants, **CHAMPLAIN TOWERS NORTH CONDOMINIUM ASSOCIATION, INC.**, and **SALOMON GOLD**, (hereinafter "Defendants"), and states:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. ss 201-219 (Section 216 for jurisdictional placement)("the Act").

2. Plaintiff, JOHNNY TASSARA, (hereinafter **"TASSARA"**) is a resident of **Miami-Dade County, Florida**, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, **CHAMPLAIN TOWERS NORTH CONDOMINIUM ASSOCIATION** (hereinafter **"CHAMPLAIN "**), is a Florida corporation, engaged in business in **Miami-Dade County, Florida**, where Plaintiff worked for Defendants, and at all times material hereto was and are engaged in interstate commerce. The individual Defendant, **SALOMON GOLD** (hereinafter **"GOLD"**) resides in **Miami-Dade County, Florida.**

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST

## CHAMPLAIN.

4.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 of this complaint as if set out in full herein.

5.  This action is brought by Plaintiff to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6.  Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in

excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant **CHAMPLAIN** business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a **building management company** and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by Defendant as a **valet/security guard** for the Defendant's business.

8. While employed by Defendant, Plaintiff worked an average of **80 hours per week** without being compensated at the rate of not less than one and one half times the regular rate at which he was employed for the **hours of overtime** he worked per week.

9. Plaintiff was paid **$8.00 an hour from April, 2004 through February 7, 2007,** but has never been compensated for overtime wages at her corresponding rate of **$12.00** for the hours that he worked in excess of 40 hours per week.

10. Plaintiff calculates that he is owed approximately **$21,760.00** in overtime wages for the period of time of **April, 2004 through February 7, 2007**.

11. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no

provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

12. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

13. At the times mentioned, Defendant **GOLD** was, and is now, the Director and owner of Defendant Corporation. Defendant **GOLD** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff. Defendant **GOLD** had operational control of the business, provided Plaintiff with his/her work schedule, and are jointly liable for Plaintiff's damages.

14. Defendant, **CHAMPLAIN**, willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

15. Plaintiff has retained the law offices of the undersigned attorney to represent her/him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff, **TASSARA** requests that this Honorable Court:

ANTELO & ASSOCIATES, P.A.   4
1800 SW 27th Ave, Suite 609
Miami, Florida 33145

A. Enter judgment for Plaintiff against the Defendant **CHAMPLAIN** , on the basis of

Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other

Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

**COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST**

**GOLD.**

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 of this

    complaint as if set out in full herein.

17. At the times mentioned, Defendant **GOLD** was, and is now, the Director and owner of

    Defendant Corporation.  **GOLD** was an employer of Plaintiff within the meaning of

    Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this

    individual Defendant acted directly in the interest of Defendant **CHAMPLAIN** employer

    in relation to the employees of Defendant employer, including Plaintiff.  Defendant

    **GOLD** had operational control of the businesses called **CHAMPLAIN TOWERS**

**NORTH CONDOMINIUM ASSOCIATION, INC.,** provided Plaintiff with his/her work schedule, and is jointly liable for Plaintiff's damages.

18. This action is brought by Plaintiff to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

20. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff was and/or is engaged in interstate commerce for Defendant.   Defendant's business activities involve those to which the Fair Labor Standards Act applies.   The Defendant ran a **building management company** and, through the business activity, affects interstate commerce.   The Plaintiff's work for the Defendant likewise affects interstate commerce.   Plaintiff was employed by Defendant as a **valet/security guard** for the Defendant's business.

21. While employed by Defendant, Plaintiff worked an average of **80 hours per week** without being compensated at the rate of not less than one and one half times the regular rate at which he was employed for the **hours of overtime** he worked per week.

22. Plaintiff was paid **$8.00 an hour from April, 2004 through February 7, 2007,** but has never been compensated for overtime wages at her corresponding rate of **$12.00** for the hours that he worked in excess of 40 hours per week.

23. Plaintiff calculates that he is owed approximately **$21,760.00** in overtime wages for the period of time of **April, 2004 through February 7, 2007**.

24. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

25. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

26. At the times mentioned, Defendant **GOLD**, was, and is now the Director and owner of Defendant Corporation. **GOLD** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff. Defendants had operational control of the business, provided Plaintiff with his/her work schedule, and are jointly liable for Plaintiff's damages.

27. Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

28. Plaintiff has retained the law offices of the undersigned attorney to represent her/him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff, **TASSARA**, and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff against the Defendant **GOLD** on the basis of Defendant's willful

ANTELO & ASSOCIATES, P.A.   8
1800 SW 27th Ave, Suite 609
Miami, Florida 33145

violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal

Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

**JURY DEMAND**

Plaintiff demand trial by jury of all issues triable as of right by jury.

Dated: _4|24|07_

Respectfully submitted,
**ANTELO & ASSOCIATES, P.A.**
1800 SW 27th Ave, Suite 609
Miami, Florida 33145
Telephone: 305-207-0404
Facsimile: 305-442-0055

Orlando Antelo, Jr., Esq.
FBN: 270600
Attorney for Plaintiff

**JS 44** (Rev. 11/05) — **CIVIL COVER SHEET** — **07-21132**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)    NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**CIV-JORDAN**

## I. (a) PLAINTIFFS

JOHNNY TASSARA

**(b)** County of Residence of First Listed Plaintiff   MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Orlando Antelo, Jr. Esq.
1800 SW 27th Ave, #609
Miami, Fl. 33174 / 305-207-0404

## DEFENDANTS

CHAMPLAIN TOWERS NORTH CONDOMINIUM ASSOCIATION, INC.and SALOMON GOLD

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**TORRES**

Attorneys (If Known)

**(d)** Check County Where Action Arose:   ☒ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

|                        | PTF | DEF |                                                      | PTF | DEF |
|------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State  | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

*Miami - 07CV21132 AJ/Torres*

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO

JUDGE                                      DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 201 (FLSA) Defendant purposely failed to properly compensate Plaintiff for overtime hours worked.

LENGTH OF TRIAL via ___ 3 ___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD                DATE  4/24/07

FOR OFFICE USE ONLY

AMOUNT  350 -    RECEIPT #  958745